## The Helios, etc.

*District Court, S. D. New York.* June 3, 1882.)

**NEGLIGENCE—PERSONAL INJURY—DAMAGES.**

In an action for damages for personal injuries sustained by an employe, engaged in storing cargo, falling through a hatch in the between-decks of a vessel, *held,* that it was negligence in those having charge of the vessel in leaving the chain-locker hatch open and unprotected, and in a dark place, after the first officer had notified the stevedore that the vessel was ready for stowing the cargo.

On the eleventh of September, 1879, the libellant was employed in loading the steam-ship Helios. He was working under a foreman who in turn was under the head stevedore. The loading of the lower

hold being completed, the foreman asked the first officer of the steamship if they could proceed to stow the between-decks. He replied that everything was ready. The foreman then instructed a gang of men, among whom was the libellant, to go below and close the hatches in the between-decks, and then stow the "oil-cake" in the between-decks. The Helios was a steamer fitted for carrying grain, and had a number of small hatches in her between-decks, in addition to the four main hatches. It was about 10 o'clock A. M., and a bright, clear day. The first whipful of cargo for the between-decks was hoisted over the side and lowered into the between-decks through the forward hatch. It consisted of several bags of oil-cake, large and heavy. The first bag was seized by two men, one the libellant, as it was lowered, and dragged forward to be stowed against the forward bulk-head. There was no light forward except what came down the fore-hatch, which was about five by seven feet. About 16 feet from the forward hatch was a small hatch without combings, leading to the chain lockers. This hatch was not used for cargo and was open. The oil-cake was to be stowed some five or six feet beyond this small hatch. The libellant did not know of it, and as he went forward with the first bag of oil-cake he fell down it, receiving the injuries to recover for which this libel was filed. The libellant asked for no artificial light to work by, nor was any furnished, and after the accident the stowing went on without any. There was evidence that lights were supplied to stow cargo by, in the port of New York, only if demanded by the workmen.

*Beebe, Wilcox & Hobbs,* for libellant.

*Ullo & Davison,* for claimant.

BROWN, D. J. I cannot entertain any doubt that it was negligence in those having charge of the Helios to leave the chain-locker hatch open and unprotected, as the evidence shows in this case. It was not a hatch for the usual stowage of cargo, such as stevedores must at their peril look out for and are presumed to know about. It had no reference to the cargo, and the stevedores had no business with it, as the evidence shows. When the first mate told the stevedore the vessel was ready for him to proceed to stow the cargo, that was a virtual warranty against all such traps in the darker parts of the vessel, which could not be or would not be perceived in the ordinary course of stowage. The evidence doubtless shows some exaggerations, but nothing which tends to create any doubt as to the evident fact that this hole was left open and unguarded, in a dark place,

after the first officer had said the vessel was ready for stowing the cargo.

Decree for libellant, with costs, and reference to compute the damages.

See 2 FED. REP. 240.