## THE GUILLERMO.[1]

### POST v. THE GUILLERMO.

*(District Court, S. D. New York. March 11, 1886.)*

PERSONAL INJURY—OPEN HATCH—NARROW AND DARK PASSAGE—NEGLIGENCE.
Where libelant, who was acting as roundsman to see that the night-inspectors were at their post, went aboard the ship G., and fell across an open hatch of the ship, which led to the coal-bunkers, and which was in a comparatively narrow passage-way where it was perfectly dark, and for his injuries brought suit against the vessel, *held*, that such leaving of the hatchway open was negligence on the part of the ship, in respect to the libelant, whose duties called him there; but negligence of a minor character, which, under other circumstances of doubt, did not warrant the allowance to the libelant of more than his actual loss, which was fixed at $400.

In Admiralty.
*Guy C. H. Corliss*, for libelant.
*Wheeler & Corlis*, for claimants.

BROWN, J. On the twenty-eighth day of September, 1885, the libelant was acting as roundsman, whose duty it was to see that the night-inspectors on board ship were at their posts. On visiting the Guillermo

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

during the evening, the night-inspector not answering to his call, the libelant went on board to find him. In passing along a covered passage-way that was quite dark, he stumbled upon the coamings of a hatch leading to the coal-bunkers, and fell across it upon his left side, breaking four ribs and fracturing the fifth, upon one side of the coamings, and suffering considerable injury to his head from striking the coamings on the other side. His left hand and arm, as he testified, went down the open hatch, touching nothing, and his right arm extending across one side of the coamings prevented his falling through. On the part of the vessel there is evidence that at 3 or 4 o'clock P. M. the hatch was covered. There was no further occasion for opening it, so far as known; and the claimants contend that it was closed and not open at the time of the accident. The coamings were about 18 inches high. Although it would be possible that the libelant's arm might have projected outside of the coamings and thus have seemed to him to go down the opening, his testimony is to the contrary, and the severe injuries received by him would, it seems to me, be much less likely to have arisen from a covered hatch, where the coamings were 18 inches above the deck, than from an open hatch. I must hold, therefore, to his account of the accident, although not without some doubt.

The libelant went upon the ship lawfully and in discharge of his duties. The open hatch was not in the situation of the ordinary open hatches for a discharge of cargo, such as may be expected to remain open in port, and which persons going upon the ship must avoid at their peril. This hatch was in a comparatively narrow passage-way along the side of the ship. To leave it open in a covered passage-way, which was perfectly dark, I must hold negligence in respect to the libelant, whose duties called him there. *The Helios*, 12 Fed. Rep. 732. The negligence, however, was of a minor character; and, under the various circumstances of doubt that attend the case, I do not feel warranted in allowing more than the actual loss to the libelant, which I fix at $400.

A decree for that sum may be entered, with costs.