## WILSON *v.* THE JOHN RITSON.

*(District Court, D. South Carolina. June 25, 1888.)*

SEAMEN—WAGES—FOREIGN REGULATIONS.

    Libelant, a seaman on a British vessel, under articles for the entire voyage, absented himself from the vessel on its arrival in a United States port, and, after his absence had been noted on the log-book for several days, he was marked as a deserter. On that day he returned, but was told to go about his

own business. *Held* that, as the court would administer relief by comity in accordance with British law which forbids the master to discharge libelant in such port without the consent of the consul, which was refused, and as the master was willing to receive libelant on board the vessel, claiming that he had never discharged him, and the latter was anxious to secure passage home, an order would be entered securing that result, and the libel for wages be dismissed.

In Admiralty. Libel for seaman's wages.

*C. B. Northrop*, for libelant.

*J. N. Nathans*, for respondent.

SIMONTON, J. The libelant, a seaman on a British vessel, brings his libel for wages. The shipping articles signed by him in Glasgow were for a voyage from that port to ports in South America, thence to ports in the United States, and back to Glasgow. Arriving in this port on the 14th instant, he absented himself from the ship. His absence was noted on the log June 18th, 19th, 21st, and on 23d he was marked as a deserter. On that day he went to the vessel, saw the master, and asked for $10. The master refused him the money, and told him to go about his own business, as he had been doing little else since he was in port. Thinking that this was a discharge, the libelant began the suit. We have a case of a controversy between master and seaman of a foreign vessel, under a foreign flag, growing out of a contract made in their own country. There can be no question that, in the absence of treaty regulations to the contrary, this court has jurisdiction of the question, and that the exercise of the jurisdiction is wholly within its own discretion. *The Maggie Hammond*, 9 Wall. 451; *The Belgenland*, 114 U. S. 365, 5 Sup. Ct. Rep. 860. But when this jurisdiction is exercised, the court will administer relief by comity, in accordance with the law of the flag of the vessel. *The Olga*, 32 Fed. Rep. 330; *The Brantford City*, 29 Fed. Rep. 373. "Whoever engages voluntarily to serve on board a foreign ship necessarily undertakes to be bound by the law of the country to which the ship belongs." *The Belgenland, supra.* The questions then are: Are the shipping articles rescinded as to this libelant? Has he been discharged, and must his wages be paid to him? The master could not discharge him in this port without the concurrence of the consul. The shipping articles contain an extract from the British statutes on this point. He appears in court and says he did not discharge him. H. B. M. consul is also in court. He has testified as to the statutory regulations and adds that not only does he not consent to the discharge, but that he forbids it. The note on the log that the seaman has deserted does not discharge him. It exposes him to certain penalties when the voyage is ended. These can be adjudicated in the home tribunal. The master expresses his willingness to receive the seaman on board his ship. The libelant is anxious to secure a passage home. Let an order be prepared securing this result and let the libel be dismissed.