## KELIHER *v.* THE NEBO.

*(District Court, S. D. New York. July 5, 1889.)*

SHIPPING—LIABILITY OF VESSEL FOR TORT.

A cross-beam belonging to the ship N., and supporting a platform, made under orders of the mate, at request of the stevedore, to aid in discharging the cargo, broke from being overweighted, seriously injuring one of the men. The captain, knowing the beam to be weak, or without sufficient support, claimed to have cautioned the men not to put too much weight on it. *Held*, that the ship was liable; that her officers had no right to thus authorize the use of the defective beam, but should have stopped further loading of cargo on it. Damages assessed by the court at $1,250, with costs.

*(Syllabus by the Court.)*

In Admiralty. Libel for personal injuries.
*James Hillhouse*, for libelant.
*E. B. Convers*, for claimant.

BROWN, J. I have carefully considered the evidence in the above case. I cannot regard the defense interposed by the master, or his testimony in support of it, as characterized by either good faith or credibility to but a very limited extent. The proof puts it beyond question that the cross-beam was shipped under the orders of the mate, by the ship's carpenter and seamen, and by them only; and that the mate's order was given, on the request

of the stevedore, to make a platform for use in stowing the cargo. And yet the answer, (paragraph 9,) sworn to by the captain, says that the stevedore rigged his platform "without authority from the officers of the ship, or any of them, and solely for his own convenience." Alleged cautions from the mate to the men at work on the platform are testified to, but the mate was not sworn, and all the stevedore's men deny any such cautions. The captain swears that about half an hour before the accident he looked down the main hatch and saw a lot of stuff on the platform, and said to the men: "That beam is not put there to keep all that weight up. It has no support underneath, and I would advise you to put that cargo in the between-decks;" and that the men answered, they thought it would stand the few more slings that were on the dock; on which he went to his cabin without any further reply. The captain further says in reference to stowing near the beam that the practice was to "fill up the lower hold until we could stand on the top of the cargo and ship the beam; then we would fill up the hold, but we would take care never to put any weight on that beam." If this last piece of testimony is to be credited, it must mean that that beam was not fit to bear much, if any, weight; otherwise they certainly would not take care never to put any weight on it. And yet the mate caused the beam to be shipped for use in stowing the cargo, whether temporarily or permanently was of no consequence; and the captain, after his alleged caution to the men, which they deny, walked to his cabin, acquiescing virtually in the men's putting a few more slings on it, when, as he said, it was already heavily weighted. If the beam was known to be weak, or without sufficient support, neither the mate nor the master had any right to authorize its use for a platform to hold cargo; and, having done so, the ship cannot be exempted from liability simply because they advised the men not to put too much on it, if they did so advise them. The men had no means of knowing or testing its strength. If the master believed that there was too much weight there, it was his business to stop the further loading of it; but the inconsistencies of the defense make it impossible to accept the master's version, in view of the extent to which he is contradicted.

I find it difficult to determine the extent of the libelant's injuries. I do not think a case of *paralysis agitans* is fairly established. I award the libelant $1,250, with costs.