### CLIFFE v. PACIFIC MAIL S. S. CO.

#### (Circuit Court, N. D. California. June 28, 1897.)

#### No. 12,279.

NEGLIGENCE—OWNER OF VESSEL—LIABILITY TO STEVEDORE.

An employé of a company of stevedores unloading a vessel may maintain an action for damages against the owners of the vessel for injuries received by reason of stepping on the cover of a manhole on the deck which the owners had carelessly and negligently permitted to become defective, out of repair, and unsafe.

Action at law, to recover damages for injuries alleged to have been sustained by plaintiff through the negligence of the defendant. Demurrer to the amended complaint. Demurrer overruled.

Jas. L. Nagle, for plaintiff.
Ward McAllister, for defendant.

MORROW, Circuit Judge. This is an action to recover damages for injuries alleged to have been sustained by plaintiff through the negligence of the defendant. A demurrer has been interposed to the amended complaint on the ground that neither of the two causes of action set out in the complaint states facts sufficient to constitute a cause of action. The first cause of action states, substantially, that the plaintiff was employed by a firm of stevedores to unload rock ballast from the steamship City of Sydney, owned and operated by the defendant; that while so engaged in said work it was necessary that the plaintiff should go on board, and should pass along and walk on deck, of said vessel; that on the 12th day of December, 1894, while walking on the deck of said vessel, and while in the performance of his duties, he stepped on an iron plate or cover, which, by reason of the carelessness and negligence of the defendant, and because of the unsafeness, imperfectness, and defectiveness of said iron plate or cover, tipped, slipped, and turned in a vertical position, thereby causing the plaintiff to slip and fall straddle of said iron plate or cover, and against the edge thereof, fracturing his right leg and otherwise severely injuring him, to his

damage in the sum of $20,000. It is further particularly averred, in the sixth allegation of the first cause of action:

"That at the time aforesaid the said defendant negligently and carelessly permitted the iron plate or cover of one of the manholes on the deck of said steamship to become out of repair and defective, and the iron ring which supported said iron plate or cover to become unsafe, imperfect, and defective, by the want of the exercise of care and diligence, and was at the time aforesaid known to the defendant."

The same facts, substantially, are alleged as a second cause of action, except that the negligence of the defendant is alleged to have consisted in permitting the iron plate or cover to become loose, and not properly placed, and in such a position that it could be easily moved, upset, and displaced; and also the nature of the injuries sustained is somewhat differently averred. If the facts set out in the complaint be true,—and upon this demurrer they must be assumed in law to be true,—they certainly state a cause of action. The general rule is that the owner of premises owes a duty towards those whom he invites there that the premises are reasonably safe, and in a fit state of repair. See Clerk & L. Torts, pp. 370-376; Abbott v. Macfie, 2 Hurl. & C. 744; Clark v. Chambers, 3 Q. B. Div. 327. This duty applies equally to the deck of a vessel. It is a well-settled rule that the owner of a vessel owes a general duty to all employed on board that the vessel shall be reasonably safe against accidents or dangers to life or limb. The fact that the plaintiff was employed by a firm of stevedores, and not directly by the owner of the vessel, makes no difference in the measure of duty and responsibility which the law imposes on the owners of vessels with reference to those who, by reason of their work in relation to the vessel, must be on board more or less. Owners owe it, as a positive duty to stevedores employed on board of their vessels, to provide reasonable security against danger to life or limb. The following cases, and others that might be cited, abundantly establish this general doctrine: Gerrity v. The Kate Cann, 2 Fed. 241, 245; The Helios, 12 Fed. 732; The Max Morris, 24 Fed. 860, affirmed in 137 U. S. 1, 11 Sup. Ct. 29; The Guillermo, 26 Fed. 921; The Phoenix, 34 Fed. 760; Crawford v. The Wells City, 38 Fed. 47; Keliher v. The Nebo, 40 Fed. 31; The Terrier, 73 Fed. 265; The Pioneer, 78 Fed. 600, 608. See, further, on the general proposition, Indemaur v. Dames, 2 L. R. C. P. 311; Smith v. Docks Co., 3 L. R. C. P. 326; Schmidt v. Bauer, 80 Cal. 565, 22 Pac. 256.

The demurrer will therefore be overruled, and it is so ordered.