## THE BELVIDERE.

(District Court, S. D. Alabama. October 25, 1898.)

No. 831.

1. SEAMEN—ABANDONMENT OF SHIP—SHORTAGE OF SUPPLIES.

The fact that the master of a vessel did not furnish his crew with the full supply of lime juice required by the law and the shipping articles, in the absence of any claim that the men suffered or were made sick by reason of such deprivation, and where no complaint was made on that ground, does not authorize the crew to abandon the ship before the end of her voyage, and recover their wages, nor entitle them to extra wages.

2. ADMIRALTY—ENFORCING LAW OF FOREIGN COUNTRY—SEAMEN ON FOREIGN SHIP.

In exercising jurisdiction in admiralty upon a libel for wages against a foreign vessel, the court will, through comity, administer the law of the country whose flag the vessel carries, to which law the seamen, by shipping for service on such vessel, subject themselves.

This is a libel by Fred Choate and others against the British bark Belvidere for the recovery of wages, and extra wages for short allowances.

Smith & Gaynor, for libelants.

Richard H. Clark, for claimant.

TOULMIN, District Judge. The libel in this case is for the recovery of wages, and extra wages for short allowance of provisions and lime juice; and so far as the libelant Julius Koleszar is concerned, also for a discharge on the ground of sickness, and consequent inability to do duty. However, Koleszar's claim for a discharge is disposed of by the admission that he refused to go to the hospital on the permit obtained for him by the master, and that he has shipped and sailed from this port on another vessel.

The specific averments of the libel are that on the day next after the vessel sailed from Rio Janeiro for Mobile, to wit, on June 10, 1898, when the allowance of provisions was given out, pork, butter, and lime juice were missing, and that this occurred without exception until the 14th day of July, 1898, when the libelants were served with seven days' allowance of lime juice, and afterwards with four more days of lime juice, but that no pork or butter was served, although, it is averred, the scale of provisions for the ship's crew required each of the crew to receive three-fourths of a pound of pork a day, one pound of butter a week, and three ounces of lime juice a day. The libelants also aver that they were put on short allowance of sugar on the voyage, and that the short allowance of these articles continued during the entire voyage. They aver that lime juice was served them but 11 days during the entire voyage, and that they received no pork or butter at all during the voyage, and very little sugar. How much sugar was received is not shown. They, however, state that they did receive vinegar a number of times as a substitute for lime juice, but this was received only a portion of the time. The libelants further aver in the libel that they complained of said treatment during the voyage. to the master, but the master continued said short allowance of provisions and lime juice, regardless of their complaint, until they finally left the vessel to seek redress ashore in Mobile; that the master refused them their wages and discharge at this port, and also refused to pay them extra wages for short allowance of provisions and lime juice. They aver that they suffered great privations on the voyage from the loss of lime juice, that the master was negligent in not furnishing it, and that they are entitled to extra wages, in the nature of damages, for such negligence; and they demand the same, as well as their wages, and pray the court to decree the payment to them of their wages, and extra wages for the short allowance complained of.

The scale of provisions, as shown by the shipping articles in evidence, does not provide for the allowance and serving to the crew of any butter at all. It does not allow $\frac{3}{4}$ of a pound of pork a day, as is alleged, but does allow $1\frac{1}{4}$ pounds a day for three days in the week. It does not provide for the issuance of any specific quantity of lime

juice, as is claimed, but provides for the daily issue of lime juice and sugar, or other antiscorbutics, in any case required by the merchants' shipping act. That act provides that lime juice, with sugar, shall be served out daily, at the rate of one ounce a day, to each member of the crew, as soon as they have been at sea 10 days, and during the remainder of the voyage, except when in harbor, and there supplied with fresh vegetables. The shipping articles—the contract—authorize substitutes and equivalents, and the admission is that vinegar was served in place of lime juice a number of times; and the evidence shows that both sweet and Irish potatoes, which are not provided for in the scale of provisions, were frequently served; also, that molasses was served. The evidence wholly fails to show that the libelants suffered any privations—that is, that they were made sick, or have been in any wise damaged—by the failure of the master to daily serve out to them lime juice. The master has rendered himself amenable to the law for such failure, and is perhaps subject to a fine therefor; but how have libelants been hurt? Does the fact that they did not get the lime juice as often as the law required the master to serve it to them entitle them to abandon the vessel, and demand their wages and extra wages? I think not. If they had been damaged—had been made sick—by the master's negligence in the matter, they might sue and recover their damages. The Rence, 46 Fed. 805. And if, by the British law, they are entitled to extra wages for a short allowance of lime juice, thay may recover them. But does the fact that they had a short allowance of lime juice justify them in leaving the vessel, and claiming their wages? I have found but one case where it has been held that a failure to furnish lime juice justified the seamen in leaving the vessel, and in that case there was an entire deprivation of lime juice. None was furnished, and there was no substitute or equivalent therefor, so far as the facts reported show; and it may be that the seamen suffered, or were made sick, by reason of such deprivation. It does not appear from the case, as reported, how this was. The Karoo, 49 Fed. 651. In the case of The Rence, supra, it was held that where no lime juice is served, and the crew is attacked with scurvy, the ship is liable for the damage the seamen sustain on account of the disease. And it has been held that a seaman's quitting a vessel before the termination of the voyage, in consequence of not being supplied with provisions, did not work a forfeiture of wages. The abandonment of the ship under such circumstances—that is, when the seaman is not supplied with provisions—does not work a forfeiture. The Castilia, 1 Hagg. Adm. 59. An absolute deprivation of provisions, or provisions really so bad that they are unfit for the seamen's support, would justify their leaving the ship. Ulary v. The Washington, Crabbe, 204, Fed. Cas. No. 14,323. But the proof does not make such a case. The shipping act provides for short or bad provisions, to be recoverable as wages; but it does not provide for or justify an abandonment of the vessel before the termination of the voyage. British Merc. Ship. Act, 199. And it provides that if it is shown to the satisfaction of the court that any provisions, the allowance of which has been reduced, could not be supplied in proper quantities,

and that proper, equivalent substitutes were supplied in lieu thereof, the court shall take these circumstances into consideration, and shall modify or refuse compensation as the justice of the case requires. The proof on the part of the libelants fails to satisfy me that there was any suffering on account of short allowance of provisions, and particularly because of the deprivation of the specific articles mentioned in the libel. No butter was provided for in the scale of provisions agreed on. The proof of the claimant shows that the libelants got pork nearly every day, in soup, or cooked with peas or beans, and this is not denied by libelants' testimony. They did not receive 1¼ pounds pork three days in the week, but they did not complain at not getting it in that quantity. There was no complaint of the quantity furnished, or of the manner of serving it. The proof wholly fails to show that the libelants ever made any complaint to the master of short allowance, or demanded more of him, or that he refused to furnish them a full and sufficient supply. One of the libelants on one occasion asked the master for some sugar, and his request was complied with,—not immediately, but within a reasonable time, under the circumstances of the case, as shown by the evidence. The proof does show that there was some complaint by libelants to the steward about the bread. The allowance was short for a few days, and then only in comparison with the quantity they had been receiving on the voyage; and they had potatoes and other things not provided for in the agreement. However, there is no complaint in the libel about a short allowance of bread, and no claim therefor. That there was a short allowance of lime juice is conceded; that is, an allowance short of that required by law to be supplied. The master did not comply with the law in furnishing lime juice. For his failure to so comply, the law imposes a penalty, but this penalty does not inure to the benefit of the crew; and no law has been brought to my attention, and I have found none, that provides that they shall recover any penalty, in the way of additional wages, for the master's omission in this respect. The Rence, supra; Petersen v. J. F. Cunningham Co., 77 Fed. 211–216. The claims for the failure of the master to serve libelants with lime juice will therefore be disallowed and denied. If the libelants had, by the master's breach of duty in the premises, suffered any damage, they could sue and recover therefor. The Rence, supra; The Karoo, supra. But they make no such claim in their libel or evidence.

When jurisdiction is exercised in a case like this, the court will administer relief, by comity, in accordance with the law of the flag of the vessel. Whoever engages voluntarily to serve on board a foreign ship necessarily undertakes to be bound by the law of the country to which the ship belongs. In re Ross, 140 U. S. 453, 11 Sup. Ct. 897; Wilson v. The John Ritson, 35 Fed. 663. And it has been held that, where the British vice consul, on the facts shown by the shipping articles and the statements of the libelants, had refused to order payment to them of their wages, the district court of the United States will dismiss the libel. The New City, 47 Fed. 328. The case now before the court has been fully examined and considered by the British vice consul on the same testimony that is submitted to the

court, and he refused to order payment to libelants of the wages claimed, and he protests against the court now taking jurisdiction of the case. Under all the circumstances of the case shown by the libel and the testimony, the court is of opinion that the libel should be dismissed; and it is so ordered.