### THE HANNA NIELSEN.

(Circuit Court of Appeals, Second Circuit. April 13, 1921.)

No. 185.

1. **Seamen** ☞3—**Remedies for breach of contract are governed by law of vessel's nationality.**
   A seamen's contract is a contract governed by the law of the vessel's nationality, regardless of the place where libelant shipped or reshipped.

2. **Admiralty** ☞20—**Seamen** ☞3—**Has no jurisdiction to allow recovery for injury to seaman, unless tort is maritime.**
   An admiralty court has no jurisdiction over a suit in tort for injuries to a seaman, unless the tort were maritime, in which case the lex loci delicti applies.

3. **Evidence** ☞37—**Cannot allow recovery under British law, without proof of that law.**
   The admiralty courts of this country cannot allow recovery under the British law for a maritime tort committed in British waters, without proof of the British law relating to that subject, since it cannot take judicial notice that the law of Great Britain in that respect is the same as that of the United States.

4. **Seamen** ☞3—**Right to cure and maintenance is contractual, and governed by law of vessel's nationality.**
   The right of a seaman to cure and maintenance by the vessel after receiving injuries on board is a contractual right, governed by the law of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the vessel's nationality, so there can be no recovery for such care and maintenance, where the ship has complied with all requirements of the law of her nationality.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by Ole Tolo against the steamship Hanna. Nielsen, of which B. Stolt-Nielson & Co., Incorporated, was claimant. From a decree granting libelant only an allowance for cure and maintenance (267 Fed. 729), libelant appeals. Decree modified, so as to dismiss the libel.

Libelant was an oiler on the Norwegian ship Nielsen. He arrived at Portland, Me., on the steamer as a regular member of the crew. At that port he demanded and received an increase in pay and signed articles accordingly. From Portland the steamship went to Gibraltar, and while in that harbor libelant was injured by the explosion of a steam gauge. It may be assumed (but need not be found) that the gauge was dangerous, and in such a condition or of such a kind as to give libelant a right to indemnity under the maritime law of the United States as formulated in The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760.

Libelant, who is a Norwegian subject, returned to this country on the steamship and as a member of the crew. On arrival here he filed this libel in rem. The libel alleges the nationality of the steamship, but is otherwise framed almost as if to recover indemnity and/or cure and maintenance from an American vessel.

By interrogatories before trial libelant was required to state under what law he sought to recover, and then declared that "the law of the kingdom of Norway does not apply"; but "libelant bases his cause of action upon the British and American maritime laws which are identical so far as his cause of action is concerned." He further averred, as the reason for the nonapplication of Norwegian law, that when his injury was received the Nielsen "was wholly within British territorial waters."

Libelant offered no evidence at trial as to British law; claimant proved the Norwegian law; the court dismissed the libel for indemnity, but granted an allowance for cure and maintenance. Libelant appealed; but in this court claimant asserts that libelant was at all times given proper care, and that no ground exists for any allowance whatever.

Frederick R. Graves, of New York City (Martin A. Schenck, of counsel), for appellant.

Duncan & Mount, of New York City (Thomas J. Healy and Warner C. Pyne, both of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above).  [1] If the claim advanced herein be regarded as in contract, the breach being the shipowner's failure properly and reasonably to provide for the safety of libelant, Norwegian law, and that alone, governs the right of recovery; for "whoever engages voluntarily to serve on board a foreign ship necessarily undertakes to be bound by the law of the country to which the ship belongs." The Belgenland, 114 U. S. 365, 5 Sup. Ct. 860, 29 L. Ed. 152. The seaman's contract in this instance was a Norwegian contract, and so remained throughout. The place where libelant shipped or reshipped is of no moment whatever. For other cases see Wilson v. The John Ritson (D. C.) 35 Fed. 663.

[2] If the suit be regarded as sounding in tort, then the trial court had no jurisdiction, unless the tort were maritime, and the lex loci

delicti applies. Whether the locus is to be regarded as on a Norwegian ship, and therefore Norwegian, or in Gibraltar harbor, and therefore British, is a question into which it is not necessary to go, further than to note that under no circumstances shown here can the law of the United States apply. The sole function of our courts is to furnish a remedy while enforcing by comity the substantially applicable law. As pointed out above, libelant repudiates Norwegian law as furnishing any ground for recovery; that he was right in so doing the evidence conclusively proved.

[3] The question remains whether he can recover under British law without proving it. The argument made (and outlined in answer to interrogatories) is that we must presume or know by judicial cognizance that in respect of the claim here presented the law of Great Britain and that of the United States is the same. For this no authority is produced or can exist. The remarks in The Osceola, supra, 189 U. S. at page 171, 23 Sup. Ct. 483, 47 L. Ed. 760, lay down no such rule. The court there referred to the seamen's contract and its nature; but, as above pointed out, if this claim is for breach of contract, no other law but the Norwegian can apply.

So far as judicial cognizance goes, we may notice the decisions of our own courts, which are far from recognizing uniformity in the laws of the two countries in respect of seamen's rights and remedies for torts on shipboard. Thus it has been pointed out in The Lamington (D. C.) 87 Fed. at 755, that for injuries received on shipboard the British seaman has no right of action in rem, nor has he any claim to cure and maintenance, except such substitute as is provided by the Merchant Shipping Act. Sullivan v. Nitrate, etc., Co. (C. C. A.) 262 Fed. 371.

But the fundamental objection to libelant's recovery under British law is that such foreign law is a fact to be proved if material, and libelant never attempted to prove it. The reason for this rule is set forth in Slater v. Mexican, etc., Co., 194 U. S. at 126, 24 Sup. Ct. 581, 48 L. Ed. 900. A tort is the violation of some obligation or duty, but—

"The source of this obligation is the law of the place of the act, and it follows that that law determines not merely the existence of the obligation, but equally determines its extent."

It was therefore incumbent on libelant to prove the nature and extent of his right under British law if he deemed that applicable. He did not do so, and therefore his libel in that respect was properly dismissed.

[4] We can see no power in the District Court to grant an award for cure and maintenance. The right to that relief grows out of the nature of the seaman's contract, as we pointed out in The Bouker No. 2, 241 Fed. 831, 154 C. C. A. 533, and is in its nature contractual. It was proven that the ship complied with all the obligations of the Norwegian law which governs the contract; while, even if the British law had applied, that system gives no right except under the Shipping Act, and no lien. Cases supra.

The decisions relied upon on this point do not apply. In The Santa Clara (D. C.) 206 Fed. 179, the court refused leave to plead by way of

amendment that the steamer was British, while in The Van der Duyn (C. C. A.) 261 Fed. 887, the point was not raised or considered.

The decree appealed from is modified, so as to dismiss the libel in toto. There will be no costs in this court or in the court below.