## THE THORGERD.

(District Court, E. D. New York. February 24, 1926.)

Admiralty ⬤⟶4—Jurisdiction declined of suit by Norwegian seaman against Norwegian ship, for tort committed in British port.

Jurisdiction declined of a suit by a Norwegian seaman against a Norwegian ship, to recover for a tort committed in a British port, on objection by the Norwegian government.

In Admiralty. Libel by Lars Larsen against the steamship Thorgerd; the Dampskibs Aktieselskab Avenier, claimant. On motion by claimant and the Kingdom of Norway to dismiss libel. Granted.

Jesse L. Rosenberg, of New York City, for libelant.

Haight, Smith, Griffin & Deming, of New York City, for claimant.

INCH, District Judge. This is a motion by claimant to dismiss a libel. The facts indicate that this is a case where this court may or may not assume jurisdiction. The Belgenland, 5 S. Ct. 860, 114 U. S. 355, 29 L. Ed. 152; The Bark Kate Cann (D. C.) 2 F. 241.

Claimant is joined in its motion by the kingdom of Norway, represented by its counsel general in New York. The plaintiff, a Norwegian, on or about August 19, 1925, was a member of the crew of the Norwegian steamship Thorgerd, owned and operated by the claimant, a Norwegian corporation. While the said steamship was in a British port, to wit, St. Johns, New Foundland, an accident occurred on board, in which libelant was injured. In other words, the libelant is Norwegian, the ship and claimant are Norwegian, and the place of the tort is a British port.

If the court in its discretion should entertain jurisdiction of a suit of this character, it could not apply the United States law. The Hanna Nielsen (C. C. A.) 273 F. 171. The place of the tort and the libel expressly setting forth the location of the tort distinguish this case from those where the court has applied the law of the forum. The law that would have to be applied would be either Norwegian or British law. Breach of contract and tort suits should be distinguished. As to the former, the Norwegian law would be exclusive. As to the latter, it might be either Norwegian or British law that would be applied.

Claimant asserts that the Norwegian law is exclusive in this regard. It is not necessary for me to decide that question. If it is the British law that applies, the authorities seem to indicate an absence of right in such libelant to file a libel in rem. The Lamington (D. C.) 87 F. 752; also The Hanna Nielsen, supra. It would also appear that there is a remedy given libelant by Norwegian law.

Applying the principle of the Wildenhus Case, 7 S. Ct. 383, 120 U. S. 1, 30 L. Ed. 565, there would seem to be no good reason here why this court should assume jurisdiction and "enforce by comity the substantially applicable law" (The Hanna Nielson, supra), against the protest of the kingdom of Norway, whose subject libelant is, and under whose flag the ship was owned and operated.

I therefore am constrained to refuse jurisdiction and dismiss the libel.