THOMAS C. RENICK, Plaintiff, *v.* AMERICAN EXPORT LINES, INC.,
Defendant.

Municipal Court of the City of New York, Borough of Manhattan,
March 31, 1953.

*Herman E. Cooper* for plaintiff.

*Haight, Deming, Gardner, Poor & Havens* for defendant.

BOCCIA, J.   In this action the plaintiff seeks maintenance for a seaman who was employed aboard defendant's vessel and admittedly was injured in the service of this vessel while said vessel was in a drydock.

It is conceded by the plaintiff that he had not signed shipping articles.   The defendant contends that failure to sign articles deprives plaintiff of his rights to maintenance and cure by virtue of the fact that he is not a " seaman ".

Section 713 of title 46 of the United States Code defines a seaman to be " every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a " ' seaman ' ".

The Circuit Court of Appeals for the Second Circuit in the case of " *The Falco* " (20 F. 2d, 362–363), per Judge LEARNED HAND, in holding an injured person to be a seaman at the time of his injury, even though he had not as yet signed the articles, said " That he was a member of the crew seems to us proved.   He calls himself a seaman, and indeed, since he was ' employed or engaged to serve ' in some ' capacity on board ship,' our statutes make him such.   R. S. § 4612 (Comp. St. § 8392); Pac. Mail S. S. Co. v. Schmidt, 214 F. 513 (C. C. A. 9).   The ship was in commission, and he was an A.B. working as such.   The fact that he had not signed the articles, which are in any case necessary only when she is on a voyage, R. S. § 4511 (Comp. St. § 8300), might affect the duration of his service and his right to throw up his job, but did not qualify its incidents, or define its character, while he remained at work, Jansen v. The Theodor Heinrich, Fed. Cas. No. 7215; Clark v. Montezuma Transp. Co., 217 App. Div. 172, 216 N. Y. S. 295.   A ship may have a crew in port, and he had engaged to serve her in strictly maritime duties, as much while at her berth as after she broke ground, when he expected still to be in her service."

The character and incidents of plaintiff's job in the instant case were such as to compel plaintiff's classification as a seaman, inasmuch as he had already completed a voyage and remained in the same capacity aboard the vessel at the defendant's request.   Therefore, let judgment enter for plaintiff in the sum of $300.