WESTERN BOTTLE MFG. CO. v. DECKER.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1911. Rehearing Denied July 27, 1911.)

No. 1,747.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—NURSING BOTTLE.

An order granting a preliminary injunction against infringement of the Decker patent, No. 521,773, for a nursing bottle, affirmed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by William M. Decker, doing business under the firm name of the Hygeia Nursing Bottle Company, against the Western Bottle Manufacturing Company. From an order granting a preliminary injunction, defendant appeals. Affirmed.

See, also, 193 Fed. 415.

Dwight B. Cheever and Howard M. Cox, for appellant.

J. William Ellis, for appellee.

Before GROSSCUP and BAKER, Circuit Judges, and CARPENTER, District Judge.

PER CURIAM. This is an appeal from a pendente lite injunction. Appellee's patent, No. 521,773, June 19, 1894, for an improved nursing bottle, consisting of a cylindrical receptacle and an elastic integral cover in simulation of a mother's breast and nipple, has never been in prior litigation. Acquiescence by the trade for more than 15 years was shown by the supporting affidavits.

If the patent is valid, infringement is conceded. Appellant's adoption of the device is sufficient proof of its utility. Its presumed novelty is not overcome by the exhibited prior patents; that is, no single device of the prior art anticipates the claims. The defense in the Circuit Court was that in view of earlier structures the exercise of the inventive faculty was not required to produce appellee's device. On this question the Circuit Court was of the opinion that the exhibited patents did not sustain the defense beyond the possibility of its being met by explanatory evidence in rebuttal, and that, the presumptive validity of the patent holding good, appellant should be enjoined until a full hearing could be had.

Was this attitude clearly erroneous? To hold so would require us

to say that, in determining what was obvious, not in the light of this patent's disclosure, but in the light solely of what was published and practiced prior to June, 1894, the paper art is so conclusive that it could not possibly be colored by expert testimony regarding its scope and meaning, or by an exposition of the practical art as distinguished from the paper art, or by a showing of conditions for success which were met by appellee's device. We do not find the paper art to be conclusive. If the exhibited patents made out a case of anticipation, we should direct a dismissal of the bill. But since the question is whether appellee's useful and novel device was, from the viewpoint of June, 1894, the work of a "skilled mechanic" or of an "inventor," we think that the bill should not be dismissed without giving appellee a full hearing, and that the Circuit Court was not improvident in upholding, pendente lite, the prima facie validity of the patent.

The decree is affirmed.