DECKER v. WESTERN BOTTLE MFG. CO.

(Circuit Court, N. D. Illinois, E. D. December 28, 1911.)

No. 30,007.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—NURSING BOTTLE.

The Decker patent, No. 521,773, for a nursing device consisting of a cell or receptacle having substantially an uncontracted and open upper portion closed by an elastic breast of dome-shaped form terminating at its apex in a perforated nipple, was not anticipated and discloses invention, and the device is one of merit because of its hygienic qualities. Also, *held* infringed.

In Equity. Suit by William M. Decker, trading as the Hygeia Nursing Bottle Company, against the Western Bottle Manufacturing Company. On final hearing. Decree for complainant.

J. William Ellis, for complainant.
Cheever & Cox, for defendant.

KOHLSAAT, Circuit Judge. This cause was heretofore before the court on motion for preliminary injunction, which was granted and affirmed on appeal. 193 Fed. 414. It is now before the court on final hearing. Since the former hearing, the patent has expired, and the relief, if any, must be limited to an accounting. The claims in suit are numbered 1 and 3, and read as follows, viz.:

"1. A nursing device consisting of a cell or receptacle having substantially an uncontracted and open upper portion closed by an elastic breast of dome-shaped form, terminating at its apex in a perforated nipple, substantially as and for the purposes set forth."

"3. As a new article of manufacture a cover for a nursing cell or food receptacle, consisting of an elastic dome-shaped breast open at its base and adapted to embrace the cell, and terminated near its upper portion and made integral with a perforated nipple, substantially as and for the purpose set forth."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The patent has been further sustained by Judge Ray in Decker, etc., v. Smith, etc., pending in the Northern district of New York, wherein a preliminary injunction was granted.

Defendant's device clearly is an infringement if the claims in suit are valid. The latter question is the only one, therefore, before the court.

"Nursing devices," says the specification (page 1, col. 1. line 13), "may be said to involve generally two species: First, those with tubes entering the receptacle or cell; and, second, those known as gravity devices. In the first species the receptacle is emptied entirely by suction, while in the second the receptacle is emptied by the gravitation of the fluids to the nipple."

The device of the patent in suit is of the gravity type.

The patent suffered 11 defeats before the examiner, and was only granted after an appeal to the board of examiners in chief. There were cited in the Patent Office patent No. 371,005 (nursing bottle) to H. Vessel; German patent (nursing bottle) to Tiegs, No. 66,991; patent No. 401,505 (nipple) to Lockwood; patent No. 179,416 (nursing bottle) to Kennish; and several other patents not introduced in evidence here. The opinion of the board was in part as follows, viz.:

"There are two points of essential novelty as well as of great hygienic importance in this improved device for nursing infants, and they occur in the respective claims as the features thereof, being in combination in claim 1. They are: First, a cell or receptacle of uncontracted dimensions at aperture to facilitate perfect cleansing, so essential in this class of devices. Second, the elastic breast or dome-shaped cover, intermediate between the receptacle and nipple, but integral with the latter, simulating the natural breast of the mother and having similar hygienic advantages, fully pointed out. This dome forms the cap or cover of the uncontracted milk receptacle. None of the numerous references show either feature. All show bottles with contracted necks, closed by the ordinary rubber nipple. The patent of vessel might seem to form an exception, but it is seen that the nipple aperture or neck is at the side, forming a portion difficult to cleanse, and differentiated from appellant's device, which by the terms of claim 1 must be closed at the top or uncontracted portion by the dome-shaped breast and the nipple apex. This latter element, forming the subject-matter of claim 3, is not shown in any reference, and is a feature of originality and value, as testimonials show.

"The examiner appears finally to concede the novelty of the device, but to deny or ignore its importance. He says it is but a matter of degree; but positive differences of construction such as those shown and claimed, designed with reference to improvement in function as well as hygienic considerations, cannot be dismissed on such a ground. We find novelty, utility, and patentability in the improvements claimed, but suggest and recommend that the words 'conoidal' in each claim be replaced by the more distinctive term 'dome-shaped.' Subject to this recommendation the examiner's decision is reversed."

On this hearing, a number of other prior art patents have been introduced by defendant, of which only the following need be considered, viz.: Dupuy patent, No. 3,780, granted in 1844 for a nursing bottle, a suction device; La Forme patent, No. 2,831, granted in 1868, for a nursing bottle, also a suction device; Potter patent, No. 224,557, granted in 1880 for a nursing bottle, also a suction device; and Bobrick patent, No. 468,759, for a nursing bottle, to be used with or without a tube. All of these were before the court on the motion for an injunction in limine.

All of the above except Tiegs, Lockwood, and Bobrick are for nursing bottles having tube or suction devices. Tiegs' bottle is provided with a long, small neck. Lockwood covers only a nipple, while Bobrick shows a nipple having perforation to receive lugs in combination with a bottle having a long, small neck provided with lugs adapted to co-operate with the nipple perforations. Dupuy's bottle has a narrow neck through which the tube passes, and a small flexible ivory mouthpiece and stopper. La Forme's bottle has a sharply contracted neck through which the suction tube passes. The nipple is a simple mouthpiece. The Kennish bottle is about the shape of a beet or turnip. It is rapidly contracted near its upper part in a manner which, the experts say, would seriously interfere with feeding by gravity. The nipple is of rubber and passes down into a rubber dome-shaped cover stretched over the opening of the bottle, which the specification says "is designed to supply to the infant the feeling of the natural mammary gland." The nipple and cover are not integral. The Potter bottle, without the top, very closely resembles the bottle in suit. Its walls are practically vertical, tapering in a little at the top. The cover is not made of rubber. The nipple is at the end of a long tube and in no way resembles that in suit. The Vessel bottle has uniform parallel walls, except a rounded effect at the bottom. While the drawings seem to provide for a removable screw cap at the upper and open end of the receptacle, presumably for cleaning same, the specification makes no mention of that feature. The feed nipple is in the side wall near the top, and does not in any way resemble Decker's. Lockwood's nipple has what the specification calls an enlargement which keeps the child from swallowing the bottle, and to that extent takes the place of complainant's dome-like rubber cover "B." The two are entirely unlike. As above stated, Bobrick's bottle has a long, narrow neck and a very considerable contraction from about its middle to its top, thereby interfering with the feed by gravity. Its nipple is formed to practically lock into the lugs on the neck of the bottle, and lacks the essential features of Decker's. Tiegs' bottle, as above suggested, is about the shape of an ordinary wine bottle, tapering from its base to a narrow neck. Its principal claim to novelty lies in its opening to admit fresh air during nursing. The specification, as do several other of the patents above adverted to, claims an easy bottle to clean. The bottle, however, speaks for itself. Its nipple is entirely unlike Decker's. The foregoing is a fair summary of the prior art.

The opinion of the experts is conflicting as to Decker's utility over the prior art. Defendant, however, concedes its utility by infringing it.

With regard to the combination of claim 1, the record discloses no anticipating nursing bottle. It is unique in the art.

The child-feeding art is one that appeals to a great majority of the public. Every little convenience is seized. The fact that there is no bottle like Decker's found in the prior art stands for something. True, there seems to be little inventive genius displayed in the device; but if it is a useful and desirable article, as defendant must be held to concede, then why was it so long in materializing? The desirableness of a gravity feed bottle, which defendant stands also conceding,

seems to have been slow in making itself felt. Decker has emphasized it by his device.. The line between mechanical skill and invention may not be definitely defined, but, in this art, at least, it may safely be located so as to reward him who gives the baby any small degree of improved chance for life over existing means for guarding itself against ills growing out of deficient maternal attentions whenever there is deducible, even a spark of invention.

With regard to the device of claim 3, there is no anticipation unless it may be found in Kennish's nipple, which much resembles it. The fact that it is composed of one piece, instead of two, should not determine the matter. Kennish gives as one of his objects "to provide for an instinct of the infant to press the cheek against a soft elastic substance." The nipple is of rubber. Its lower portion or neck passes through a central opening in the rubber cover, which is dome-shaped, and is drawn over or otherwise connected with a coupling E made of bone, wood, or other suitable substance. This coupling extends upward into the neck of the nipple to a point above the cover or dome and downward into a rubber tube which connects it with a glass tube, thereby uniting the nipple with the glass tube. Thus, while the outer appearance of the two nipple and dome devices is very similar, it is apparent that the concept of the two is dissimilar. As with the combination of claim 1, the departure here from the prior art is slight but important. The nipple lends itself to use in connection with a gravity device. It is rather a breast than a nipple. There seems to be sufficient novelty to constitute invention, humble, but useful and distinct.

Validity as to both claims is deemed to be established, and an accounting is decreed.