KAREN MOLSTAD, AS ADMINISTRATRIX OF THE ESTATE OF ANDREW S. MOLSTAD, DECEASED, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY AND OTHERS.[1]

July 11, 1919.

No. 21,293.

**Master and servant — failure to signal track worker — evidence.**
    1. An engine of defendant railroad company ran over a track workman working in the dark on the tracks, with a lighted lantern beside him. There is evidence that the engineer and fireman were negligent in failing to give customary signals and failing to keep a proper lookout ahead.

**Assumption of risk.**
    2. Deceased did not assume the risk of their negligence.

Action in the district court for Freeborn county to recover $30,200 for the death of plaintiff's intestate. The facts are given at the beginning of the opinion. The case was tried before Catherwood, J., who at the

[1]Reported in 173 N. W. 563.

close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,100. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*R. B. Alberson, W. C. Odell* and *M. M. Joyce,* for appellants.

*Barton & Kay,* for respondent.

HALLAM, J.

Andrew S. Molstad was yard foreman of defendant railroad company at Albert Lea. Before daylight on the morning of March 7, 1916, he was called to clear the ice and snow from a switch in the yards. While engaged in this work, he was run over by an engine of defendant company and killed. Plaintiff, as administratrix of his estate, brought this action for damages against the railroad company and the engineer and fireman, and recovered a verdict. Defendants appeal. Plaintiff charges negligence on the part of the engineer and fireman. Defendants deny negligence and contend that deceased assumed the risk of the danger to which he was exposed.

1. The engine was stopped at a coal chute about 25 feet south of the switch where deceased was working. The engineer started the engine south and moved it about 100 feet towards his train. He then thought of cleaning the ash pan, and reversed the engine and backed to a cinder-pit, past the point where deceased was working. It was in this movement that deceased was killed.

There is evidence that the engine approached deceased without signal, without even ringing the bell though this was the custom in that yard. There is also evidence that deceased had placed a lighted lantern near him on the track in such position that the light was reflected towards the approaching engine and that neither the engineer nor the fireman saw either deceased or the light, though it was the business of each to be on the lookout. The evidence is clearly sufficient to establish negligence in failing to give customary signals, Erickson v. St. Paul & Duluth R. Co. 41 Minn. 500, 43 N. W. 332, 5 L.R.A. 786, and to keep a proper lookout for persons working on the track. Kludzinski v. Great Northern Ry. Co. 130 Minn. 222, 153 N. W. 529.

2. Deceased assumed the risk of injury from dangers and hazards

incident to his work, but did not assume the risk of injury arising from unusual negligence. Greer v. Great Northern Ry. Co. 115 Minn. 213, 218, 132 N. W. 6.

Order affirmed.