POLLUCK, Respondent, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

(183 N. W. 859.)

(File No. 4767. Opinion filed June 23, 1921. Rehearing granted October 19, 1921.)

1. **Employers Liability—Damages—Federal Employers Liability Act, Employee's Recovery Re Interstate Commerce—Non-recovery Under by Employee of Independent Contractor—Former Decision Adhered to.**

    Recovery under the Federal Employers Liability Act (Act of Apr. 22, 1908, Ch. 149, 35 Stat. 65; U. S. Comp. St., 1916, Secs. 8657-8665; Fed. Stat. Ann., 1909, Supp. 584, Sec. 1,) is limited to employee of a carrier engaged in interstate commerce; and, upon evidence substantially the same as that before us on former appeal, former decision that plaintiff was an employee of an independent contractor and not of defendant company, adhered to.

2. **Same—Suit for Damages Against Non-resident, Under Federal Employers Liability Act—Right of Removal, Whether Defeated by Complaint—Proof Showing Employee of Independent Contractor—Defendant's Refusal to Submit Issue of Interstate Employment to Jury, Non-amendment of Complaint,**

**Complaint, Not Proof, Governing Question—Federal Decision Followed.**

Defendant-appellant in a suit by an employee against a non-resident corporation, denied that plaintiff was in its employment and alleged and proved that he was an employee of an independent contractor, and that it was thereby deprived of its right to remove the cause into federal court; plaintiff having on trial demanded that the issue of employment by defendant be submitted to jury, and, after refusal, failed to amend his complaint; the first holding that plaintiff was not such employee having been before Supreme Court on former appeal. There being no claim of fraudulent intent on plaintiff's part to deprive defendant of right of removal, **held,** (following Great Northern Railway Co. v. Alexander, etc., 246 U. S. 276) that an allegation in complaint that deceased was employed in interstate commerce when injured rendered the case not removable to federal court, either for diversity of citizenship or as a case arising under a federal law, this because of the prohibition against removal contained in amendment to the Act, approved Apr. 5, 1910, 36 Stat., 291; nor was plaintiff's contention that failure to prove allegation that deceased was employed in interstate commerce when injured left the complaint as if the allegation had not been incorporated into it, and that therefore the case became removable for diversity of citizenship when plaintiff rested his case, tenable; since, in absence of fraudulent attempt to avoid removal, right of removal can only be determined by allegations of the complaint, and unless then removable, it cannot be made so by any statement in the petition for removal or in subsequent pleadings by defendant; nor can a case unremovable on the complaint, when commenced, be converted into a removable one by evidence of defendant or by order of court upon any issue tried on the merits, but can only be accomplished by a voluntary amendment of his pleadings by plaintiff.

3.  **Same—Complaint Alleging Employment in Interstate Commerce and by Railroad, Defendant Alleging and Proving Non-employment by It, Right to Recover Under State Statute by Eliminating Interstate Allegations.**

Where plaintiff himself sues for Employers Liability damages for personal injuries, alleging employment by defendant railroad company, defendant alleging and proving on trial that plaintiff was not in its employ, the right to damages, if any exist, arises under the state statute, since, eliminating matters pleaded which would be material under the Federal Act, the complaint states a good cause of action under the state statute, and recovery may be had thereunder. So **held,** where proof showed plaintiff was employed by an independent contractor of

defendant who hired and paid him for his services, could discharge him if the work was not satisfactory, defendant railroad not retaining control over the manner of doing the work nor the time of the independent contractor or his helpers; the rule of practice here laid down not being in controvention of the Federal Act.

4.  Same—Whether Employee's Rights, Obligations, and Duties Measurable on Theory of Plaintiff's Trespass or License—Rule of Liability Stated—Plaintiff Not an "Invitee" or "Licensee"

The rights and obligations of plaintiff, employee of an independent contractor, and the duties of defendant railroad company toward him, are not measurable by rules of law governing defendant's duty toward a trespasser or licensee on its premises; proof showing plaintiff not a trespasser; the real question being: what duty did defendant railroad owe to plaintiff as employee of an independent contractor while he was on defendant's premises in performance of his employer's contract; and held, that the rights, obligations and duties of both parties are same as they would have been had plaintiff been defendant's employee, engaged in performance of the same work, and are determinable by same rules of law governing had plaintiff been in fact defendant's employee; that plaintiff was not a mere "invitee" or "licensee" on defendant's premises, he being there performing labor essential to defendant's business precisely as though employed by it for the same purpose; that where a privilege exists for mere pleasure or benefit of the party exercising it, he is a licensee, and where exercised for exclusive benefit of the invitee or for mutual advantage of both parties, it is a case of invitation; and plaintiff, having no interest in or benfit from the labor he performed, other than wages received, was not an invitee.

5.  Railroads—Suit for Injuries—Interstate Railroad's Negligence, Liability of to Servants of Independent Contractor, Non-contractual Obligation to Contractor's Servant.

If injury results from negligence of interstate railroad defendant while work is being done upon its premises, and through its fault in not keeping them in suitable and safe condition, he is liable to independent contractor's servant for injury resulting from defects therein, not because of contract obligation, but arising out of its obligation or duty to provide safe appliances for contractor's servants' use, regardless of contract.

6.  Same—Defendant's Negligence—Engineer's Failure to Ring Bell or Display Light Over Cinder Pit—Questions for Jury—Verdict for Plaintiff, Presumption of Negligence From.

Where plaintiff's cause of action for damages for personal injuries rests upon allegation that defendant's servants failed

to ring the bell or display light on the engine when approaching and passing over the cinder pit where plaintiff was rightfully working, the question whether the bell was rung or red lights displayed on said engine were questions of fact for jury, and, verdict being for plaintiff, court will presume that no bell was rung or light so displayed and that defendant was negligent in that regard.

7. Appeal—Error—Damages for Personal Injuries—Rulings on Evidence Assuming Plaintiff a Trespasser, Licensee, Futility Of—Same Re Assignments Involving Employment in Interstate Commerce.

Where, in a suit for damages for personal injuries, assignments of error involving evidence are based on erroneous assumption that plaintiff was a trespasser or a licensee, such assignments will not be considered. The same rule applies to assignments which affected only the question whether plaintiff was an employee of defendant in interstate commerce, since, defendant having prevailed on that issue, it was not prejudiced by such rulings.

8. Personal Injuries—Negligence—Assumption of Risk Re Nonringing of Engine Bell and Display of Lights, Plaintiff's Knowledge of Custom Re, Effect.

In a suit for damages for personal injuries the contention that plaintiff, knowing the conditions attending work in which he was engaged, assumed the risk incident thereto by reason of defendant's negligence, is erroneous, the evidence showing that plaintiff knew that the custom and rule in operation of engines at night required ringing of bell and display of lights as a warning to persons working on the premises; the evidence establishing such custom and rule; and plaintiff assumed only the usual and ordinary risks of the calling. The doctrine of the assumption of risks is inapplicable here.

9. Same—Contributory Negligence—Plaintiff's Familiarity With Cinder Pit at Night, Unavailing as Defense Re Defendant's Negligence.

Defendant's contention that plaintiff, an employee under an independent contractor and working at night in a cinder pit by which defendant's engines were liable to pass, was guilty of contributory negligence in placing himself in a position of known danger, as also the plea that the fact that defendant had not sounded an alarm or given warning to arouse his attention cannot relieve him of contributory negligence, is untenable.

10. Same—Contributory Negligence—Proper Instruction that Plaintiff's Negligence and Want of Ordinary Care and Caution is Fatal to Recovery Notwithstanding Defendant's Negligence.

In a suit for damages for personal injuries to plaintiff as employee of an independent contractor, court's instruction that he cannot recover if he was guilty of negligence materially contributing to the injury, or if he was negligent in not using ordinary care and caution, and but for which negligence the injury would not have happened, notwithstanding defendant's negligence, was proper; it not being shown that plaintiff could have performed the duties required of him without placing himself in a position of possible injury from an approaching engine.

11. Same—Defense that Plaintiff was Making Steam which Obscured View of Engineer, Unavailing When Plaintiff Was Following Instructions—Contributory Negligence, Jury's Findings Conclusive On Question.

The contention of defendant railway company, that plaintiff employee of an independent contractor, was himself making the steam which may have obscured the view of defendant's engineer and fireman is unavailing where undisputed evidence showed he was following defendant's instructions in wetting down cinders, and that the steam would not have prevented him from hearing the bell (which should have been but was not rung) of an approaching engine; and question of plaintiff's contributory negligence was for jury, and finding under proper instruction is conclusive.

Appeal from Circuit Court, Codington County. Hon. WILLIAM N. SKINNER, Judge.

Action by Stanley Polluck, against the Minneapolis & St. Louis Railroad Company, a corporation, to recover damages for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See 40 S. D. 186, 166 N. W. 641.

Case & Case, for Appellant, (D. C. Edwards and M. M. Joyce, of Counsel.)

Barton & Kay, and Mather & Stover, for Respondent.

(2) To point two of the opinion, Appellant cited: St. Louis, San Francisco & Texas Ry. Co. v. Seale, 229 U. S., 57 L. Ed. 1129.

Respondent cited: Wabash Railroad Co. v. Hayes, 234 U. S. 86, 34 S. C. Rep. 729; Kanz v. J. Neils Lumber Co., 114 Minn. 466, 131 N. W. 643; Tudor v. Oreg. Short Line Ry. Co., 131 Minn. 317, 155 N. W. 200.

(3) To point three, Appellant cited: Lauer v. Northern

Pacific Ry. Co., 145 Pac. 606; Peak v. Boston & Maine Ry., 223 Fed. 448.

(4)   To point four, Appellant cited: Southern Ry. Co. v. Young, 93 S. E. 51; Popish v. C. M. & St. P. Ry. Co., 167 N. W. 686.

Respondent cited: Gainesville & Gulf R. Co. v. Peck, 55 Fla. 402, 46 So. 1019; Norfolk & W. Ry. Co. v. Denny, 106 Va. 383, 56 S. E. 321.

(8)   To point eight, Appellant cited: Oberlin v. Oregon, Washington Ry. & N. A. Co., 142 Pac. 554; Chesapeake & Ohio R. R. Co. v. Rankin, 241 U. S., 60 L. Ed. 1016.

Respondent cited: Central Railroad Co. v. Colasurdo, 192 Fed. 907; Central Vermont Ry. Co. v. White, 238 U. S. 507, 35 S. C. Rep. 865; Yazoo & M. V. Ry. Co. v. Wright, 235 U. S. 365, 35 S. C. Rep. 130.

SMITH, J. This case was before this court upon a former appeal from a judgment for plaintiff. The decision will be found in 40 S. D. 186, 166 N. W. 641. Upon that appeal it was held that plaintiff was an employee of an independent contractor and could not recover under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665.) That decision was affirmed by the Supreme Court of the United States by denial of a writ of certiorari to this court, Polluck v. M. & St. L. Ry. Co., 248 U. S. 558, 39 Sup. Ct. 6, 63 L. Ed. 421.

[1]   Recovery under the federal Employers' Liability Act is limited to employees of a carrier engaged in interstate commerce. At the former trial recovery was sought under that act alone, and upon the former appeal it was conceded that, if plaintiff was not an employee of defendant, but was an employee of an independent contractor, he would not be entitled to recover. Upon evidence substantially the same as that now before us we held that plaintiff was an employee of an independent contractor, and not an employee of defendant company. We adhere to that view.

[2]   Appellant now contends that the complaint sets forth a cause of action under the federal Employers' Liability Act, and, being a nonresident corporation, it was thereby deprived of its right to remove the cause into the federal court. Defendant, by its answer, denied that plaintiff was in its employment, and al-

leged, and has proved, that plaintiff was an employee of an independent contractor.    Plaintiff has not at any time admitted that he was not an employee of defendant, but, on the contrary, at the trial demanded that that issue be submitted to the jury, and excepted to the refusal of the court to submit it; nor has plaintiff asked to amend his complaint.    The first holding that plaintiff was not an employee of defendant was by this court, "and the most than can be said is that defendant prevailed in the matter of defense which it had pleaded."·   There is no claim of a fraudulent intent on the part of plaintiff to deprive defendant of the right of removal.    The ruling in Great Northern Ry. Co. v. Alexander, etc., 246 U. S. 276, 38 Sup. Ct. 237, 62 L. Ed. 713, is controlling.    In that case it was held that an allegation in the complaint that deceased was employed in interstate commerce when injured rendered the case not removable to the federal court, either for diversity of citizenship, or as a case arising under a law of the United States, because of the prohibition against removal contained in the amendment to the act approved April 5, 1910.    36 Statutes, 291 (U. S. Comp. St. §§ 8662, 8665.) It was contended that—

"Failure of the plaintiff to prove the allegation that deceased was employed in interstate commence when injured, left the complaint as if the allegation had not been incorporated into it, and that therefore the case became removable for diversity of citizenship when the plaintiff rested his case."

But the court held that in the absence of a fraudulent attempt to evade removal, the right of removal can only be determined by the allegations of the complaint, and, "if it is not then removable, it cannot be made removable by any statement in the petition for removal, or in subsequent pleadings by the defendant," and that—

"A case nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff."

Appellant's main contention, founded upon proper exceptions and assignments of error, is that under the evidence and pleadings the plaintiff cannot recover in this action.

St. Louis, etc., Ry. Co. v. Seale et al., 229 U. S. 156, 33 Sup.

Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156, opinion by Justice Vandeventer, is relied upon. That case was before the United States Supreme Court upon writ of error, to review a decision of the Court of Civil Appeals of the state of Texas. The action was brought by the widow and parents of deceased, who were the persons entitled to maintain an action under the Texas statute to recover damages for death alleged to have been caused by the negligence of defendant's other employees. The pleadings of both plaintiff and defendant were entirely silent and presented no issue which involved the applicability of the federal Employers' Liability Act. But at the trial the defendant carrier contended that injuries which caused the death were received while the company was engaged in interestate commerce and while deceased was employed by it in interstate commerce, that its liability, if any, was controlled exclusively by the federal act, and that plaintiffs were not persons entitled to recover under that act.

The Texas Court of Appeals had found that the carrier was not engaged in interstate commerce, and that the federal act had no application. Reviewing the evidence, the Supreme Court held that the carrier was engaged in interstate commerce, that the federal act superseded the state statute, and that the judgment of the state court should be reversed.

The Court said:

"The plaintiff's petition, as ruled by the state court, stated a case under the state statute. The defendant by its special exception called attention to the federal statute and suggested that the state statute might not be the applicable one. But the plaintiffs, with the sanction of the court, stood by their petition. It was to the case therein stated that the defendant was called upon to make defense. A plea in abatement would have been unavailing, because the plaintiffs were the proper parties to prosecute the case. When the evidence was adduced it developed that the real case was not controlled by the state statute, but by the federal statute. In short, the case pleaded was not proved, and the case proved was not pleaded. In that situation the defendant interposed the objection, grounded on the federal statute, that the plaintiffs were not entitled to recover on the case proved. We think the objection was interposed in due time, and that the state courts erred in overruling it."

The court also called attention to the fact that the parties who brought the suit were not parties entitled to recover under the federal act.

[3]    The question as to proper parties plaintiff does not arise in the case before us, as the injured party himself brings the action.  In this case the defendant alleged and proved, and this court has sustained its contention, that the plaintiff was not its employee engaged in interstate commerce.  The defendant prevailed in a matter of defense which it had pleaded, and is not now in a position to question a decision in its favor.  We must therefore assume that the right to damages, if any exists, arises under the state statute.  The complaint clearly and sufficiently states a cause of action under the federal act.  Eliminating matters pleaded which would be material under the federal act, the complaint states a good cause of action under the state statute.  Can a recovery under the state statute be sustained?  In Wabash Railway Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226, an action to recover for personal injury, the declaration alleged that the injury occurred while the defndant was engaged and while the plaintiff was employed by it in interstate commerce. The other allegations were such that, with that one, they stated a good cause of action under the federal Liability Act, and without it they stated a good cause of action under the law prevailing in the state of Illinois.  The proof failed to show that the injury occurred in interstate commerce, and the trial court treated that allegation as eliminated and submitted the case as one controlled by the state law.  Plaintiff recovered under that law.  Mr. Justice Vanderventer said:

"The plaintiff asserted only one right to recover for the injury, and in the nature of things he could have but one.  Whether it arose under the federal act or under the state law, it was equally cognizable in the state court. * * * And when the proofs demonstrated that the injury arose outside of interstate commerce, and therefore that no recovery could be had under the federal act, the court was confronted with the question whether the declaration could be amended, or regarded as amended, to conform to the proofs.  Holding that this could be done, the court treated the mistaken allegation that the injury occurred in interstate commerce as eliminated.  Therein the court merely gave

17—Vol. 44, S. D.

effect to a rule of local practice, the application of which was not in any wise in contravention of the federal act."

Writ of error was denied.

In Tuder v. Oregon Short Line Railway Co., 131 Minn. 317, 155 N. W. 200, the complaint alleged facts sufficient to constitute a cause of action under the federal Employers' Liability Act, as well as under the state law. The court held that the question of making an election between inconsistent causes of action was not involved, saying:

"The Code provides that the complaint shall contain 'a plain and concise statement of facts constituting a cause of action.' * * * As required by this statute, the complaint sets forth the facts upon which plaintiff bases his claim. These facts constitute but one cause of action. That cause of action is the alleged violation by defendant of its duty to exercise proper care to avoid injury to plaintiff while he was upon its train. * * *

"If defendant violated this duty, such violation gave rise to only one cause of action and one remedy, whether the duty was imposed by the federal statute or by the state law. * * * When the proofs make out, within the allegations of the complaint, a cause of action, legal or equitable, though it be not of the character given it by the entire complaint, the plaintiff has a right that the cause be retained and tried and the proper relief upon the facts proved administered."

The same rule is applicable under the practice in this state, and, as said in the Hayes case, supra, "it is not in any wise in contravention of the federal act."

[4] It is appellant's further contention that in any event the rights and obligations of plaintiff and the duties of defendant are to be measured by the rules of law which govern the duties of defendant toward a trespasser or licensee upon its premises. That plaintiff was not a trespasser is too clear to require discussion. The real question is: What duty did defendant owe to plaintiff as an employee of an independent contractor while such employee was upon defendant's premises in the performance of his employer's contract?

An examination of the authorities leads us to the conclusion that the rights, duties, and obligations of both parties were and are the same as they would have been had plaintiff been an em-

ployee of defendant, engaged in the performance of the same work, and are to be determined by the same rules of law that would govern had plaintiff been, in fact, an employee of defendant. The plaintiff was not a mere "invitee" or "lincensee" upon defendant's premises in the pursuit of his own curiosity, amusement, or business. He was there in the performance of labor essential to defendant's business and in the interest of defendant, precisely as though defendant itself had employed him for the same purpose. Where a privilege exists for the mere pleasure or benefit of the party exercising the privilege, it is held to be a license. Where a privilege of user exists for the exclusive benefit of the invitee or for the mutual advantage of both parties, it is to be deemed a case of invitation. Plaintiff's labor was not for his own exclusive benefit or for the common interest or mutual advantage of himself and defendant. He had no interest in or benefit from the labor he performed, other than the wages he received, and was in no sense an invitee.

[5]   The following cases, and many others cited in the note on page 74 of 46 L. R. A. illustrate the principle involved:

Johnson v. Spear, 76 Mich. 139, 42 N. W. 1092, 15 Am. St. Rep. 298:

"If the injuries result from the negligence of the defendant while work is being done upon his premises, and through his fault in not keeping them in a suitable and safe condition, he is liable to any servants of the contractor for injuries resulting to them from defects therein; not because there is any contract obligation between the parties, but arising out of his obligation or duty to provide safe appliances for the servants of the contractor to use, and to keep his premises upon which such servants are at work in a reasonably safe condition, whether the contract provides for it or not."

A shipowner who employs a contractor to work on his ship owes an active duty to him and his employees to see that they are not exposed, while there, to any unnecessary risk. The Allianca (C. C.) 44 Fed. 97.

The owner of a vessel owes to all persons lawfully at work on board of her, whether employed directly by himself or by another party, a general duty "to provide reasonable security

against danger to life and limb." Cliffe v. Pacific Mail S. D. Co. (C. C.) 81 Fed. 809.

[6] Whether running an unusual train over a bridge where repairs are being made by a contractor, without ringing a bell or blowing a whistle, is such negligence as will render the company liable to a servant of the contractor who is struck by the train, is a question for the jury. Young v. N. Y. C. R. Co., 30 Barb. (N. Y.) 229.

Plaintiff's cause of action rests upon the allegation that defendant's servants failed to ring the bell or to display lights on the engine when approaching and passing over the cinder pit where plaintiff was working. Appellant contends under claim of insufficiency of the evidence that defendant owed no duty to plaintiff other than to refrain from injuring him after he was discovered in a dangerous place, for the reason that plaintiff was a mere licensee or trespasser upon defendant's premises. This contention has been disposed of by the views hereinbefore expressed. Defendant's engineer testified that he knew there were men usually working in and about the roundhouse at night, and that it was a rule to ring the bell to give warning to persons about the roundhouse or in and about the tracks, and especially at night; that on the night of the accident the bell was rung both by hand and power; that sometimes it stuck and had to be started by hand; that the ringing was stopped by closing the valve of the bell ringer; that it was his duty to close the valve and stop the ringing when there was no more occasion to ring; that he did not know whether it was ringing or not; that the mere fact that he shut off the valve did not necessarily indicate that the bell had been ringing; that, if not ringing it would be an indication to any one around the engine that the engine had stopped; also that he thinks after he turned the throttle to ring the bell that night the fireman took hold of the cord that rang the bell, presumably because the bell ringer was not working. The fireman testified that he did not know whether the bell was ringing when the engine stopped or not; that it was ringing when they entered the switch; that he started the bell and ran a little while, but was not sure how far; that when he ceased to hear the bell the engine was 100 or 125 feet from the cinder pit. The fireman testified that it was the custom to have lights on locomo-

tive engines when moving—a red light on the back of the tender, and a headlight on in front; that a light was required when backing in, not necessarily a red light; that they had no red light that night, and used fuses which burn only a short time; that the fuses were only about half burned, and that he put them out with his hand; that he would not have used fuses if he had had a red light; that it was a part of his duty to see if there were red lights on the engine.

Plaintiff testified positively that he did not hear the engine as it approached, that no bell was ringing, and that the water on the hot cinders created a cloud of steam which prevented him from seeing the engine.

Whether the bell was rung or red lights displayed on the engine when it backed in upon the cinder pit were questions of fact for the jury, and we are bound to presume, in accordance with the verdict, that no bell was rung or red light displayed on the engine, and that the duty of defendant in that regard was violated. For all the purposes of this appeal, the verdict establishes defendant's negligence in failing to ring the bell and carry lights to warn persons rightfully upon the premises.

[7] Certain assignments of error as to rulings on evidence are based upon the assumption that plaintiff was either a trespasser or a licensee, and that appellant owed him no duty except to refrain from willfully or wantonly injuring him. As hereinbefore stated, we are of the view that plaintiff was neither a trespasser nor licensee, and for that reason find it unnecessary to consider such assignments. Certain other like assignments relate to evidence which affected only the question whether plaintiff was an employee of defendant in interstate commerce. Appellant, having prevailed upon that issue, has not been prejudiced by such rulings, even though erroneous, and we shall not undertake to review them.

We have examined the remaining assignments as to rulings on evidence, and find no errors which we deem prejudicial or which are of sufficient importance to justify review. At the close of plaintiff's case and at the conclusion of all the evidence appellant moved for a directed verdict, which was denied. Appellant assigns error and questions the sufficiency of the evidence to sustain the verdict.

[8]   Under the assignment appellant contends that plaintiff, knowing the conditions attending the work in which he was engaged, assumed the risk incident to such occupation, and is not entitled to recover.   It is perfectly clear, however, that plaintiff did not assume the risk of injury by reason of defendant's acts of negligence.   Plaintiff knew that the custom and rule in the operation of engines at night required the ringing of the bell and the display of lights on the engine as a warning to persons working upon the premises.   That such was the custom and rule is conclusively established by the testimony of defendant's own witnesses, and plaintiff did not assume any risk which might result from a violation of such rule and custom.

In Molstad v. Railway Co., 143 Minn. 260, 173 N. W. 563, the court said:

"There is evidence that the engine approached deceased without signal, without even ringing the bell, though this was the custom in that yard.   There is also evidence that deceased had placed a lighted lantern near him on the track in such position that the light was reflected towards the approaching engine, and that neither the engineer nor the fireman saw either deceased or the light, though it was the business of each to be on the lookout.   The evidence is clearly sufficient to establish negligence in failing to give customary signals. * * * Deceased assumed the risk of injury from dangers and hazards incident to his work, but did not assume the risk of injury arising from unusual negligence."

In Central R. R. Co. v. Colasurdo, 192 Fed. 907, 113 C. C. A. 385, the court said:

"We cannot believe that the risk of being injured in this manner, while engaged in discharging his duty, was assumed by the plaintiff.   He assumed the usual and ordinary risks of the calling, but when ordered to repair a track at night he had a right to assume that some precaution would be taken to guard him against extraordinary danger.   If a watchman were not stationed to warn him of the approach of trains, he at least had a right to expect that a train would not back down upon him with no notice of its approach and no attempt to apply the brakes until only eight feet distant."

In Choctaw R. R. Co. v. McDade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96, the court said:

"The servant assumes the risk of dangers incident to the business of the master, but not of the latter's negligence."

See Clinkscales v. Wis. G. Co., 38 S. D. 214, 160 N. W. 843.

The doctrine of assumption of risk has no application in this case.

[9] Appellant also contends that the evidence shows plaintiff to have been guilty of contributory negligence. It is contended that he was familiar with the cinder pit and had knowledge that engines were liable to come over it at any time, that he had no right to disregard his own safety, place himself in a position of known danger in the performance of his work, either in a proper or improper manner, and that the plea that defendant had not sounded an alarm or given warning to arouse his attention cannot relieve him from contributory negligence. This contention appears to be founded upon the claim that defendant was under no obligation to give such warning. It is disposed of by what we have already said.

[10] Upon the subject of contributory negligence the court correctly instructed the jury that:

"Another principle of law properly mentioned in this action is that, if the person himself was guilty of negligence which materially contributed to the injury complained of, then he cannot recover in this action. Now, if you find that the defendant in this action was negligent in the operation of this engine on the night in question in driving it over this cinder pit where defendant was injured, and you further find from the evidence that the plaintiff himself was negligent in the manner in which he was working in and about the said cinder pit, and he was not at that time observing such ordinary care and caution as an ordinary cautious and prudent person would have under the same or similar circumstances, and but for which negligence of plaintiff the accident or injury would not have happened, then and under such circumstances the plaintiff cannot recover in this action, and your verdict should be in favor of the defendant."

[11] It is not shown that plaintiff could have performed the duties required of him without placing himself in a position of possible danger from an approaching engine, and if in the per-

formance of his duties he was required to place himself in such dangerous position, it did not relieve the defendant from its duty to give warning, though it may have required greater care on his part to avoid danger. Again it is urged that he was himself making the steam which may have obscured the view of the engineer and fireman. But it is undisputed that in so doing he was following instructions given by defendant, and the steam would not have prevented him from hearing the bell of an approaching engine. The question of plaintiff's contributory negligence was for the jury, and their finding under proper instructions is conclusive upon that question.

We are of the view that no prejudicial error appears from the record, and that the order and judgment of the trial court should be affirmed.